1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LARRY GANNER,                          No. CIV S-07-2597-LKK-CMK-P

12              Plaintiff,

13         vs.                               <u>FINDINGS AND RECOMMENDATIONS</u>

14    ERIC AZARVAND,

15              Defendant.

16    _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.   On December 14, 2007, the court directed plaintiff to either submit a

19    completed application for leave to proceed in forma pauperis or the full filing fee for this action

20    within 30 days.[1]  Plaintiff was warned that failure to comply may result in dismissal of this action

21    for lack of prosecution and failure to comply with court rules and orders.  To date, plaintiff has

22    not complied.

23    ///

24    ///

25    _____

26         [1]     Plaintiff was also directed to file an operative pleading, which he did by filing a
      complaint on January 15, 2008.

                                            1

1    The court must weigh five factors before imposing the harsh sanction of

2  dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

3  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

4  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

5  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

6  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

7  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

8  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

9  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

10  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

11  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

12  comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

13  1260-61 (9th Cir. 1992).

14    Having considered these factors, and in light of plaintiff's failure to resolve the

15  fee status for this case as directed, the court finds that dismissal of this action is appropriate.

16    Based on the foregoing, the undersigned recommends that this action be

17  dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and

18  orders.

19    These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

21  after being served with these findings and recommendations, any party may file written

22  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

23  / / /

24  / / /

25  / / /

26  / / /

1   Findings and Recommendations."  Failure to file objections within the specified time may waive

2   he right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3

4    DATED:   January 30, 2008

5                                                                   _____

6                                                                   **CRAIG M. KELLISON**
                                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26