IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GANNER, | No. CIV S-07-2597-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| ERIC AZARVAND, | |
| Defendant. | |
| _____ / | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 raising claims related to his arrest. Plaintiff attempted to initiate this action with a letter submitted on December 3, 2007. On December 14, 2007, the court directed plaintiff to file a complaint which complies with the requirements of the Federal Rules of Civil Procedure. Plaintiff complied and filed a complaint on January 15, 2008 (see Doc. 9). Plaintiff then filed another document entitled "Complaint" on February 20, 2008. (see Doc. 15). This one-page document appears to relate to new grievances concerning prison mailroom procedures and, thus, does not appear to be an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1), but an attempt to file a supplemental complaint pursuant to Rule 15(d). However, the attempted supplement will be stricken because it was filed without leave of court. See Fed. R.

1    Civ. P. 15(d).

2          On April 17, 2008, plaintiff filed a document entitled "Complaint (Addendum) Amended." (see Doc. 22). This document, which is more properly characterized as a motion, appears to seek leave of court to file an amended complaint to include additional defendants and claims. Plaintiff did not, however, submit a complete proposed first amended complaint with his motion. Instead, on May 5, 2008, plaintiff filed another document entitled "Complaint" (see Doc. 24), this time asserting allegations relating to the conditions of his confinement. As with his other pleadings, this document only recites the new claims and does not incorporate any of his other allegations. Thus, as a supplemental complaint it will be stricken as having been filed without leave of court.

         Plaintiff is advised that, pursuant to Rule 15(a)(1), plaintiff does not require leave of court to file an amended complaint. He may do so once as of right at any time before a responsive pleading is filed. See id. Plaintiff is also advised, however, that claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

         Plaintiff will be given an opportunity to submit a single first amended complaint which incorporates all his claims in one document. Plaintiff is warned that, if he fails to do so within the time provided by this order, this action will proceed on the complaint filed on January 15, 2008.

///

///

///

///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's document filed on February 20, 2008 (Doc. 15) is stricken;

2. Plaintiff's document filed on April 17, 2008 (Doc. 22) is construed as a motion for leave to amend and, so construed, it is denied as unnecessary;

3. Plaintiff's document filed on May 5, 2008 (Doc. 24) is stricken;

4. Plaintiff may file a first amended complaint within 30 days of the date of this order which incorporates all his claims into a single pleading.

DATED: September 12, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE