1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LARRY GANNER,                          No. CIV S-07-2597-LKK-CMK-P

12                    Plaintiff,

13         vs.                               <u>ORDER</u>

14    ERIC AZARVAND,

15                    Defendant.

16    _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983 raising claims related to his arrest.  Pending before the court is first amended

19    plaintiff's complaint (Doc. 34).

20              The court is required to screen complaints brought by prisoners seeking relief

21    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

1   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

2   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

3   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

4   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

5   allege with at least some degree of particularity overt acts by specific defendants which support

6   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

7   impossible for the court to conduct the screening required by law when the allegations are vague

8   and conclusory.

9

10                           **I.  PLAINTIFF'S ALLEGATIONS**

11          Plaintiff names the following as defendants:  Eric Asarvand, Bret Anderson, the

12   Stockton Police Department, and the Chief of Police.[1]  He alleges that, on October 26, 2006,

13   defendants Azarvand and Anderson, who are officers with the Stockton Police Department,

14   initiated a traffic stop for "an alleged tire 'chirp.'"  Plaintiff states that defendant Azarvand asked

15   to see his driver's license, but that he had left it at home.  According to plaintiff, defendant

16   Azarvand then asked to see any other form of identification bearing plaintiff's name and picture.

17   He states that he provided defendant Azarvand a Bank of America Visa check card in response,

18   which defendant Azarvand took back to the patrol car and handed to defendant Anderson.

19   Plaintiff states that, as defendant Anderson was apparently checking information on the laptop

20   computer in the patrol car, defendant Azarvand returned to plaintiff's car and "without warning

21   or comment, opened the driver's door and snatched plaintiff out of the vehicle and began yelling

22   for his partner (who was still looking downward towards the computer screen)."  Plaintiff claims

23   that he was then subjected to a pat-down search, which revealed no contraband, and then a more

24

25          [1]      The docket lists as "Respondent" the San Joaquin County Sheriff's Office.  This
    entity, however, was added to the docket incident to a response to the court's September 9, 2008,
26   order to show cause and is not a named defendant to this action.

                                        2

1   invasive search which involved defendant Azarvand putting his hand "down plaintiff's buttocks"

2   and the officers pulling plaintiff's pants down, all while a crowd was gathering.

3          According to plaintiff, about three weeks prior to this incident he filed a complaint

4   at the Stockton Police Department "because a police officer . . . towwed [sic] the car, citing

5   plaintiff Driving Without A License, even though plaintiff immediately produced his license

6   upon being stopped."[2]  Plaintiff states that defendant Azarvand was "one of the officer at the

7   scene of this traffic stop."

8

9                              **II.  DISCUSSION**

10         As a threshold matter, this court must determine whether it has jurisdiction to

11   entertain plaintiff's case.  See Federal Rule of Civil Procedure 12(h).  It is clear that the primary

12   basis of plaintiff's civil rights claim is his assertion that defendants Azarvand and Anderson did

13   not have probable cause to detain or search him.  It appears that plaintiff may also be asserting

14   that defendant Azarvand acted in retaliation because plaintiff challenged the earlier towing of his

15   vehicle.  However, what is not apparent is the relationship, if any, between the traffic stop on

16   October 26, 2006, and plaintiff's current incarceration.  If plaintiff was convicted as a result of

17   criminal charges which either served as the basis for the traffic stop or which resulted from the

18   traffic stop, then plaintiff's civil rights claims could be barred to the extent success on the merits

19   would imply the invalidity of the conviction.  See Heck v. Humphrey, 512 U.S. 477, 483-84

20   (1994).

21         Plaintiff will be required to file a second amended complaint with provides more

22   information concerning the reason for his current incarceration.  Specifically, plaintiff should

23   indicate what charge(s) and/or conviction(s), if any, resulted from the October 2006 traffic stop.

24   He should also state why he is currently incarcerated and if the conviction leading to his current

25   _____

26   [2]        Plaintiff states that the ticket was dismissed and the impound fee was waived.

1   incarceration in any way relates to the October 2006 traffic stop.  If plaintiff's October 2006

2   arrest was due to an outstanding warrant, he should provide the factual details resulting in that

3   warrant.  If there are any pending state court proceedings relating to plaintiff's current

4   incarceration, he should specify which actions are pending and the status of such actions.

5           In filing an amended complaint, plaintiff should keep some additional principles

6   in mind relating to other defects in the amended complaint.  First, plaintiff names the "Chief of

7   Police" but does not identify who this individual is.  Plaintiff must provide the name of this

8   individual.  If plaintiff does so, he must set forth specific factual allegations as to this

9   individual's liability.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

10   connection or link between the actions of the named defendants and the alleged deprivations.

11   See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

14   omits to perform an act which he is legally required to do that causes the deprivation of which

15   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

16   conclusory allegations concerning the involvement of official personnel in civil rights violations

17   are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

18   plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

19   constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

20           Second, plaintiff names the Stockton Police Department, which is a municipal

21   entity.  Municipalities and other local government units are among those "persons" to whom §

22   1983 liability applies.  See Monell, 436 U.S. at 690.  Counties and municipal government

23   officials are also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of

24   Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not

25   be held responsible for the acts of its employees or officials under a respondeat superior theory of

26   liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal

1    liability must rest on the actions of the municipality, and not of the actions of its employees or

2    officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the

3    constitutional deprivation complained of resulted from a policy or custom of the municipality.

4    See id.  A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it

5    is based on nothing more than bare allegations that an individual defendant's conduct conformed

6    to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d

7    621, 624 (9th Cir. 1988).

8

9                                    **III.  CONCLUSION**

10              Because it is possible that the deficiencies identified in this order may be cured by

11   amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire

12   action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

13   informed that, as a general rule, an amended complaint supersedes the original complaint.  See

14   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

15   amend, all claims alleged in the original complaint which are not alleged in the amended

16   complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

17   plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make

18   plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must

19   be complete in itself without reference to any prior pleading.  See id.

20              If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

21   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

22   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

23   each named defendant is involved, and must set forth some affirmative link or connection

24   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

25   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

26   / / /

1        Finally, plaintiff is warned that failure to file an amended complaint within the

2    time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

3    1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to

4    comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule

5    41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

6        Accordingly, IT IS HEREBY ORDERED that:

7        1.    Plaintiff's first amended complaint is dismissed with leave to amend; and

8        2.    Plaintiff shall file a second amended complaint within 30 days of the date

9    of service of this order.

10

11    DATED:  October 24, 2008

12

13                                           CRAIG M. KELLISON
                                             UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26