IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GANNER, | No. CIV S-07-2597-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| ERIC AZARVAND, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 raising claims related to his arrest. Pending before the court is plaintiff's second amended complaint (Doc. 36).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: Eric Asarvand, Bret Anderson, and the Stockton Police Department.[1] Plaintiff's factual allegations are the same as those set forth in the first amended complaint. He alleges that, on October 26, 2006, defendants Azarvand and Anderson, who are officers with the Stockton Police Department, initiated a traffic stop for "an alleged tire 'chirp.'" Plaintiff states that defendant Azarvand asked to see his driver's license, but that he had left it at home. According to plaintiff, defendant Azarvand then asked to see any other form of identification bearing plaintiff's name and picture. He states that he provided defendant Azarvand a Bank of America Visa check card in response, which defendant Azarvand took back to the patrol car and handed to defendant Anderson. Plaintiff states that, as defendant Anderson was apparently checking information on the laptop computer in the patrol car, defendant Azarvand returned to plaintiff's car and "without warning or comment, opened the driver's door and snatched plaintiff out of the vehicle and began yelling for his partner (who was still looking downward towards the computer screen)." Plaintiff claims that he was then subjected to a pat-down search, which revealed no contraband, and then a more invasive search

---

[1] The docket lists as "Respondent" the San Joaquin County Sheriff's Office. This entity, however, was added to the docket incident to a response to the court's September 9, 2008, order to show cause and is not a named defendant to this action. The docket does not list Anderson or Stockton Police Department as defendants. The Clerk of the Court will be directed to terminate San Joaquin County Sheriff's Office as a respondent and to add Anderson and Stockton Police Department as defendants.

1   which involved defendant Azarvand putting his hand "down plaintiff's buttocks" and the officers
2   pulling plaintiff's pants down, all while a crowd was gathering.
3        According to plaintiff, about three weeks prior to this incident he filed a complaint
4   at the Stockton Police Department "because a police officer . . . towwed [sic] the car, citing
5   plaintiff Driving Without A License, even though plaintiff immediately produced his license
6   upon being stopped."[2]  Plaintiff states that defendant Azarvand was "one of the officers at the
7   scene of this traffic stop."
8        Pursuant to the court's October 27, 2008, order, plaintiff includes information in
9   his second amended complaint concerning his current incarceration.  Specifically, plaintiff states
10  that he is currently a pre-trial detainee incident to the arrest at issue in this action, which plaintiff
11  alleges was unconstitutional.  Plaintiff states that he is being held on charges of "possession for
12  sale" and that a trial date is set for January 5, 2009.  He also states that, in June 2006, the state
13  court denied his motion to suppress based on an allegedly unconstitutional traffic stop.
14       As the court indicated in its October 2008 order, a threshold matter is whether
15  jurisdiction exists to entertain plaintiff's case.  See Federal Rule of Civil Procedure 12(h).  It is
16  clear that the primary basis of plaintiff's civil rights claim is his assertion that defendants
17  Azarvand and Anderson did not have probable cause to detain or search him.  The second
18  amended complaint also makes it clear that plaintiff is currently incarcerated based on charges
19  arising from the traffic stop at issue in this case and that the state criminal case is ongoing.
20  Under Younger v. Harris, 401 U.S. 37 (1971), the federal courts will abstain from hearing a civil
21  rights claim arising from an ongoing criminal prosecution arising from that claim.
22  Under Wallace v. Kato, 127 S.Ct. 1091 (2007), the court has the discretion to stay a civil rights
23  action pending the outcome of ongoing criminal proceedings related to alleged civil rights
24  violation.  This procedure is appropriate here.

---

[2]   Plaintiff states that the ticket was dismissed and the impound fee was waived.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to terminate San Joaquin County Sheriff's Office as a respondent and to add Anderson and Stockton Police Department as defendants;

2. This action is stayed; and

3. Within 30 days after entry of judgment in the ongoing state criminal case, plaintiff shall file a report indicating the result of the case and the status of any direct appeal and/or post-conviction challenge to the judgment.

DATED: December 22, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE