IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY GANNER,             No. 2:07-CV-2597-CMK-P

       Plaintiff,

   vs.                <u>ORDER</u>

ERIC AZARVAND,

       Defendant.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 raising claims related to his arrest. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. <u>See</u> 28 U.S.C. § 636(c).

       On February 21, 2012, mail directed to plaintiff was returned by the United States Postal Service as undeliverable. Pursuant to Eastern District of California Local Rule 183(b), any party appearing pro se must file and serve a notice of change of address within 63 days of mail being returned. As of October 16, 2012, more than 63 days had elapsed since mail was returned and plaintiff was directed to show cause in writing within 30 days why this action should not be dismissed for failure to file and serve a notice of change of address. To date, plaintiff has neither filed a notice of change of address nor responded to the court's October 16, 2012, order to show cause, which was also returned as undeliverable.

1  The court must weigh five factors before imposing the harsh sanction of
2  dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
4  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
7  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
8  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. 
9  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
10  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
11  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
12  inform the district court and parties of a change of address pursuant to local rules.  See Carey v.
13  King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam).
14  Having considered these factors, and in light of plaintiff's failure to submit a
15  notice of change of address, the court finds that dismissal of this action is appropriate.
16  Accordingly, IT IS HEREBY ORDERED that:
17  1. This action is dismissed without prejudice;
18  2. Defendant's motion to dismiss (Doc. 59) is denied as moot; and
19  3. The Clerk of the Court is directed to enter judgment and close this file.

DATED:  January 2, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE